UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| BYRON THOMAS, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION H-14-0485 |
| | § | |
| HOUSTON ORGANIZATION OF | § | |
| PUBLIC EMPLOYEES, *et al.*, | § | |
| | § | |
| *Defendants*. | § | |

**MEMORANDUM OPINION & ORDER**

The following motions are pending before the court: 1) a motion to dismiss (Dkt. 6) under FED. R. CIV. P. 12(b)(6), 12(b)(1), and for a more definite statement under FED. R. CIV. P. 12(e) filed by defendant Houston Organization of Public Employees ("HOPE"); 2) a motion to dismiss (Dkt. 17) under TEX. R. CIV. P. 91(a) filed by HOPE; and 3) a motion to dismiss (Dkt. 9) under FED. R. CIV. P. 12(b)(6) filed by the City of Houston ("City"), on behalf of defendants the City, and Civil Service Commissioners Richard Hall ("Hall") and Joseph Soliz ("Soliz") in their official and individual capacities.

After considering the complaint, the motions, the responses, the replies, and the applicable law, this court is of the opinion that HOPE's first motion to dismiss (Dkt. 6) should be **GRANTED**; HOPE's second motion to dismiss (Dkt. 17) should be **DENIED**; and the City's motion to dismiss (Dkt. 9) should be **GRANTED IN PART** and **DENIED IN PART**.

**I. BACKGROUND**

Plaintiff Byron Thomas worked for the City in various capacities for approximately eleven years. Dkt. 1-29 at 2. Plaintiff was a member of HOPE, a labor union that represents City employees, from 2006 until his suspension. Dkts. 1-29 at 3, 6 at 1. In 2011, the Houston Police

Department uncovered substantial evidence that plaintiff was selling City scrap metal for personal gain. Dkt. 1-12 at 1. During the investigation, it was discovered that plaintiff failed to fully disclose his criminal record on his City employment application. *Id.* On April 6, 2011, a HOPE representative represented plaintiff at a hearing before the deputy director of the City Public Works and Engineering Department where plaintiff was given an opportunity to provide an explanation as to the alleged misconduct. Dkts. 1-20 at 3; 1-12 at 2. Plaintiff refers to this as a Loudermill hearing. Dkt. 1-29 at 3. After this hearing, plaintiff was suspended from employment. Dkt. 1-12 at 2. Plaintiff appealed the decision to the Civil Service Commission ("CSC"). On May 26, 2011, a CSC hearing was held, at which plaintiff was indefinitely suspended. Dkts. 1-29 at 3–4, 1-22, 9 at 2. HOPE did not attend the CSC hearing. Dkt. 1-29 at 3.

## II. PROCEDURAL HISTORY

The court reviews the procedural history of this case and earlier actions brought by the plaintiff against the defendants to inform the *res judicata* claims made in all pending motions.

### A.  *Thomas v. City of Hous., et al.*

Plaintiff initially appealed his indefinite suspension after his CSC hearing by filing suit in state court in Harris County, Texas on September 5, 2011. *Thomas v. City of Houston, et al.*, 4:11-CV-03564, Dkt. 1-4 (S.D. Tex. 2011) [hereinafter "City I"]. Plaintiff amended his state court complaint to allege that his due process rights under 42 U.S.C. § 1983 ("Section 1983") were violated, that the City defamed him, and that the defendants conspired under 42 U.S.C. § 1985 to violate his due process rights. City I, Dkts. 17, 65 at 7. Plaintiff also amended his complaint to add additional defendants, including the CSC for Municipal Employees of the City of Houston, and Commission members Hall and Soliz. *Id.* The City subsequently removed the case to federal court and filed a motion for summary judgment. City I, Dkts. 41, 49. On September 17, 2012, this court granted the

City's motion to dismiss plaintiff's defamation claim because the plaintiff did not show that the government waived its immunity to the claim. City I, Dkt. 58 at 4. The court also declined to grant a default judgment against Commissioners Hall and Soliz in their individual capacities because the court lacked personal jurisdiction. Dkt. 46 at 15–16, 58 at 5, 65 at 9. On December 5, 2012, this court granted the City's motion for summary judgment as to the remaining claims, including the Section 1983 claim brought against several defendants, including the City and Hall and Soliz in their official capacities, because plaintiff did not produce evidence of a municipal policy behind the constitutional violations. City I, Dkts. 65 at 14, 70. Plaintiff then appealed the district court's final judgment to the Fifth Circuit. City I, Dkt. 72. The Fifth Circuit affirmed the district court's ruling and subsequently denied plaintiff's motion for rehearing. *Thomas v. City of Houston*, 537 F. App'x. 593 (5th Cir. 2013). Plaintiff appealed to the United States Supreme Court and his petition for writ of certiorari was denied on March 3, 2014. *Thomas v. City of Houston, et al.*, 134 S. Ct. 1496 (2014).

### B.     *Thomas v. Houston Organization of Public Employees*

On May 24, 2013, while City I was pending, plaintiff separately filed suit against HOPE in federal court. *Thomas v. Hous. Org. of Pub. Emp'rs.*, No. 4:13-CV-01602, Dkt. 1 (S.D. Tex. 2013) [hereinafter *"HOPE I"*]. Plaintiff alleged that the City had wrongfully terminated his employment, and that HOPE had provided inadequate representation by failing to show up at the CSC hearing, by deceiving him, and by instructing him "to plead the fifth" at his Loudermill hearing. HOPE I, Dkt. 1. Plaintiff later amended his complaint to allege that HOPE had breached its duty to fairly represent him under the Labor Management Relations Act ("LMRA"). HOPE I, Dkt. 21-2. HOPE filed a renewed motion to dismiss under FED. R. CIV. P. 12(b)(1), 12(b)(6), and a motion for a more definite statement under FED. R. CIV. P. 12(e). HOPE I, Dkt. 25. The district court granted HOPE's motion

3

to dismiss for lack of subject matter jurisdiction, finding that plaintiff's claim under the LMRA was time barred. HOPE I, Dkt. 33.

### C. The Present Litigation

On January 21, 2014, plaintiff filed suit in state court against HOPE, the City, and Commissioners Hall and Soliz in their official and individual capacities. Dkt. 1-29. For the purpose of considering the pending motions, the court broadly construes plaintiff's complaint to assert: 1) a defamation claim against the City; 2) a LMRA claim against HOPE; 3) a Section 1983 claim against the City and Commissioners Hall and Soliz, in their official and individual capacities; and 4) a civil conspiracy claim against all defendants. *Id.* at 1–2.

Hall removed this case to federal court on February 27, 2014. Dkt. 1. Subsequent to removal, HOPE filed its motion to dismiss for failure to state a claim, for lack of jurisdiction and for a more definite statement, and the City filed its motion do dismiss for failure to state a claim. Dkts. 6, 9. HOPE also filed a motion to dismiss under TEX. R. CIV. P. 91(a) on April 14, 2014. Dkt. 17. All motions have been responded to and are ripe for review.

## III. LEGAL STANDARDS

### A. 12(b)6 Motion to Dismiss for Failure to State a Claim

A court may dismiss a complaint for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Gines v. D.R. Horton, Inc.*, 699 F.3d 812, 816 (5th Cir. 2012) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937 (2009). "Factual allegations must be enough

4

to raise a right to relief above the speculative level, . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555. Moreover, the court may also take notice of matters of public record when considering a 12(b)(6) motion. *Cinel v. Connick*, 15 F.3d 1338, 1343 n.6 (5th Cir. 1994). As part of the *Twombly-Iqbal* analysis, the court proceeds in two steps. First the court separates legal conclusions from well-pled facts. *Iqbal*, 556 U.S. at 678–79. Second, the cour reviews the well-pled factual allegations, assumes they are true, and then determines whether they "plausibly give rise to an entitlement of relief." *Id.* at 679.

### B. *Res Judicata*

*Res judicata* bars the litigation of claims that either have been litigated or could have been raised in a prior action. *Allen v. McCurry*, 449 U.S. 90, 94, 101 S.Ct. 411 (1980); *Test Masters Educ. Servs. Inc. v. Singh*, 428 F.3d 559, 571 (5th Cir. 2005). The doctrine has many benefits, including protecting parties from vexatious litigation and conserving judicial resources. *McCurry*, 449 U.S. at 94. In practice, the doctrine requires a plaintiff who has a choice of more than one remedy for a given wrong to assert each action at once, rather than serially in successive actions. *Nilsen v. City of Moss Point, Miss.*, 701 F.2d 556, 560 (5th Cir. 1983).

Although courts generally do not entertain Rule 12(b)(6) challenges to pleadings based on principles of *res judicata*, dismissal is proper when the plaintiff's pleading conclusively establishes the affirmative defense. *See Larter & Sons v. Dinkler Hotels Co.*, 199 F.2d 854, 855 (5th Cir. 1952); *Union Pac. R.R. Co. v. Harris Cnty., Tex.*, 790 F. Supp. 2d 568, 581 (S.D. Tex. 2011). Additionally, "[f]ederal law determines the *res judicata* effect of a prior federal court judgment." *Robinson v. Nat'l Cash Register Co.*, 808 F.2d 1119, 1124 (5th Cir. 1987).

For *res judicata* to apply, four elements must be established: (1) the parties are identical or are in privity; (2) the judgment in the prior action was rendered by a court of competent jurisdiction;

(3) the prior action was concluded by a final judgment on the merits; and (4) the same claim or cause of action was involved in both actions. *Test Masters*, 428 F.3d at 571. The fourth element is determined by the transactional test which focuses on whether the two cases are based on "the same nucleus of operative facts . . . rather than the type of relief requested, substantive theories advanced, or types of rights asserted." *U.S. v. Davenport*, 484 F.3d 321, 326 (5th Cir. 2007).

## IV. ANALYSIS

### A. *Defamation Claim Against the City*

Plaintiff asserts a defamation claim against the City for creating a written record and otherwise stating that plaintiff's employment was terminated for selling City property for personal gain. The affirmative defense of *res judicata* is apparent on the face of plaintiff's pleadings because he complains of the same defamatory statement in City I. Therefore, consideration of the defense in a motion to dismiss is proper.

The first element of *res judicata* is met because the parties, plaintiff Thomas and defendant City, were both parties in City I. The second and third elements of *res judicata* are met because this court, a court of competent jurisdiction, dismissed the defamation claim in City I on November 20, 2012 and entered final judgment. City I, Dkts. 46 at 9–14, 58 at 2–4. In City I, this court found that the plaintiff failed to show that the City waived its immunity. Finally, the fourth element is met because the operative facts in both claims are statements by the City that the plaintiff was terminated for selling City property for personal gain. Dkts. 1-29 at 5–6, 1-22; City I, Dkt. 10 at 3–4. Therefore, even if plaintiff's factual allegations are true, he is not entitled to relief because this claim is barred by *res judicata*.

### B.     Labor Management Relations Act claim against HOPE

Plaintiff asserts a claim against HOPE that it did not adequately represent plaintiff in preparation for and at his Loudermill hearing on April 6, 2011. Dkt. 1-29, 3–4. Plaintiff specifically alleges that HOPE breached its duty of fair representation. *Id.* at 4. The court broadly construes these allegations as a claim of an LMRA violation against HOPE. However, whether the plaintiff intended to assert a LMRA claim or some other form of claim, it is apparent on the face of plaintiff's pleadings that they are barred by *res judicata* because the claims are based on the same operative facts as in HOPE I: the lack of representation by the same representative for the same hearings. HOPE I, Dkt. 21-2 at 2–5. Therefore, consideration of the defense in a motion to dismiss is proper.

The first element of *res judicata* is met because the parties, plaintiff Thomas and defendant HOPE, were both parties in HOPE I. The second and third elements of *res judicata* are also met because a United States District Court for the Southern District of Texas, a court of competent jurisdiction, dismissed the LMRA claim in HOPE I on December 16, 2013 as time barred. HOPE I, Dkt. 33. A dismissal based on limitations is considered a decision based on the merits. *Nilsen*, 701 F.2d at 562. Finally, the fourth element is met because the same nucleus of operative facts is present. In both claims plaintiff alleges a duty of fair representation specifically based on the actions of HOPE in preparation for and during the plaintiff's CSC hearing on May 26, 2011. Therefore, even if plaintiff's factual allegations were true, he is not entitled to relief because this claim is barred by *res judicata*.[1]

---

[1] Even if the court did not find that *res judicata* barred plaintiff's claims against HOPE, HOPE also properly claims that the claim would be time barred. "A statute of limitations may support dismissal under Rule 12(b)(6) where it is evident from the plaintiff's pleadings that the action is time barred and the pleadings fail to raise some basis for tolling or the like." *Jones v. Alcoa, Inc.*, 339 F.3d 359, 366 (2005). The LMRA claim accrued at or near the time of the CSC hearing on May 26, 2011, and this current claim was not filed until January 21, 2014, well after the LMRA six month statute of limitations. 29 U.S.C. § 185 (2014); *Smith v. Int'l Org. of Masters, Mates and Pilots*, 296 F.3d 380, 382 (5th Cir. 2002); HOPE I, Dkt. 33 at 7–8. Further, because plaintiff's claims against HOPE have been dismissed, it is unnecessary to address HOPE's FED. R. CIV. P. 12(e) motion for a more definite statement.

  **C.**  ***42 U.S.C. § 1983 claim against the City and Commissioners Hall and Soliz***

  Plaintiff asserts a Section 1983 claim against the City and Commissioners Hall and Soliz, in their official and individual capacities, for violation of plaintiff's due process rights under the Fifth and Fourteenth Amendments of the U.S. Constitution. Plaintiff alleges that he was discriminated against and wrongfully terminated by the City and its officials without just cause, and that his dismissal was in breach of a collective bargaining agreement. Dkt. 1-29 at 1–2. Plaintiff further alleges that the City violated his rights under the Fifth and Fourteenth Amendments of the Constitution. *Id.* Plaintiff also alleges that Commissioners Hall and Soliz acted outside the scope of their authority and denied him a full and fair hearing. *Id*. at 2.

  The affirmative defense of *res judicata* is apparent on the face of plaintiff's pleadings because the same operative facts relating to the plaintiff's termination and treatment at the CSC hearing were pled in this case and City I. Therefore, consideration of the defense in a motion to dismiss is proper.

  *i.*  *Claims against the City and Commissioners Hall and Soliz in their official capacities*

  The first element of *res judicata* is met because the same parties are present in both cases. The second and third elements of *res judicata* are met because this court, a court of competent jurisdiction, granted summary judgment on December 5, 2012 as to all Section 1983 claims in City I. City I, Dkts. 65 at 14–15, 70. Finally, the fourth element is met because the same Section 1983 claims focus on and stem from the same nucleus of operative facts, including allegations that the City improperly terminated plaintiff after they already knew of his criminal record, that the City produced a false document about plaintiff during his CSC hearing, and that plaintiff did not receive a fair hearing. City I, Dkt. 17 at 1–3. Therefore, even if plaintiff's factual allegations were true, he is not entitled to relief because this claim is barred by *res judicata*.

...

> ii.  *Claims against the Commissioners Hall and Soliz in their individual capacities*

The City argues that *res judicata* protects Commissioners Hall and Soliz in their individual capacities because claims against them *could have been brought* in City I.[2] Dkt. 9 at 6. However, this argument does not address the required elements of a *res judicata* analysis.

The first element of *res judicata* has not been met because the judgment in City I applied to the Commissioners in their official capacities, and the present claim is against them in their individual capacities. *Res judicata* does not apply when the parties appearing in the prior and subsequent litigation do so in different capacities. *Howell Hydrocarbons, Inc. v. Adams*, 897 F.2d 183, 188 (5th Cir. 1990) ("*Res judicata* does not apply when the parties appear in one action in a representative capacity and in a subsequent action in an individual capacity."); *Clark v. Amoco Prod. Co.*, 794 F.2d 967, 973 (5th Cir. 1986) (same).

The second and third elements have not been met because the City I court never had personal jurisdiction over the Commissioners in their individual capacities. The recommending Magistrate Judge found, and this court agreed, that the plaintiff failed to effectuate service on the Commissioners individually, and therefore the court did not have personal jurisdiction over them. City I, Dkts. 65 at 9, 70. Without personal jurisdiction, the Commissioners in their individual capacities could not have been a part of the City I final judgment. Therefore, *res judicata* does not apply to bar the claims against the Commissioners in their individual capacities.[3]

---

[2] The City appears to be representing Commissioners Hall and Soliz in their official and individual capacities, based on their signature a "Attorneys for the defendants Hall, Soliz, and City of Houston" in the City's response. Dkt. 9. Additionally, the City is the only party to assert arguments in the motion to dismiss on behalf of the Commissioners individually.

[3] Though the answers filed individually for both Commissioners Hall and Soliz (Dkts. 1-10, 1-11) in state court pled a variety of affirmative defenses, the City's motion to dismiss (Dkt. 9) on behalf of the City Commissioners states that it is "based exclusively on an affirmative defense of *res judicata*." Dkt. 9 at 3.

### D.     *Conspiracy claim against all defendants*

Plaintiff asserts a civil conspiracy claim against HOPE, the City, and Commissioners Hall and Soliz in their official and individual capacities. While some language indicating a conspiracy claim was used in plaintiff's amended complaint against HOPE in HOPE I, the court instead construed the language as an LMRA claim. HOPE I, Dkt. 21-1 at 2. Therefore, the conspiracy claims now before the court were not considered in City I or HOPE I. However, this does not save plaintiff's claims from a *res judicata* bar.

Broadly construed, the claims allege that defendants conspired together throughout plaintiff's suspension and CSC hearing to provide him inadequate representation so that he would not succeed in his hearing. Dkt. 1-29, 4. The affirmative defense of *res judicata* is apparent on the face of plaintiff's pleadings because the current claim involves the same allegations of impropriety, by the same parties during the same time period, even if not construed as a conspiracy claim in the HOPE I and City I cases.

First, a claim of *res judicata* in this conspiracy as to Commissioners Hall and Soliz in their individual capacities will fail for the reasons cited in the preceding section IV.C. Namely, because the Commissioners in their individual capacities were not parties to the prior judgment, *res judicata* does not bar this claim as to them. However, *res judicata* does apply to bar the claims as to the other litigants—HOPE, the City, and Commissioners Hall and Soliz in their official capacities—for the following reasons.

The first element of *res judicata* is met because there was a prior case between each of the defendants and plaintiff Byron Thomas. City I, Dkt. 17; HOPE I, Dkt. 21-2. As to the second and third elements, in both of the prior cases, a court of competent jurisdiction rendered final judgments as to plaintiff's claims. City I, Dkts. 58, 70, 71; HOPE I, Dkts. 33, 34.

The fourth element is met because the operative facts underlying the claim of conspiracy, including the behavior of HOPE, the City, and the Commissioners in preparation for and during the hearing, are the same operative facts advanced in City I and HOPE I.  Both prior cases were filed after plaintiff's suspension and CSC hearing.  Plaintiff could have brought these conspiracy claims against the defendants at the time he brought his other claims against those same defendants, and the law does not allow him to instead assert them serially in successive actions. *Nilsen*, 701 F.2d at 560.  Therefore, even if plaintiff's factual allegations were true, he is not entitled to relief against HOPE, the City, and Commissioners Hall and Soliz in their official capacities, because this claim is barred by *res judicata*.[4]

---

[4] Even if the court did not find that *res judicata* barred plaintiff's conspiracy claim against HOPE, HOPE also properly claims that the claim would be time barred. "The statute of limitations for conspiracy under Texas law is two years." *Ultraflo Corp. v. Pelican Tank Parts, Inc.*, 926 F. Supp. 2d 935, 950 (S.D. Tex. 2013) (citing TEX. CIV. PRAC. & REM. CODE ANN. § 16.003(a)).  Plaintiff's claim accrued at or near the time of the CSC hearing on May 26, 2011, yet plaintiff did not file conspiracy claims until more than two years later on January 21, 2014.  As to the other defendants, the City based its motion to dismiss exclusively on *res judicata*. Dkt. 9 at 3.  Therefore, the court does not consider a limitations defense as to the City or Commissioners.

## V. CONCLUSION

HOPE's first motion to dismiss plaintiff's claims (Dkt. 6) is **GRANTED**, and its second motion to dismiss plaintiff's claims (Dkt. 17) is **DENIED**.[5] The City's motion to dismiss plaintiff's claims (Dkt. 9) is **GRANTED** as to the claims against the City and Commissioners Hall and Soliz in their official capacities, and is **DENIED** as to claims against Commissioners Hall and Soliz in their individual capacities. The only claims remaining are the Section 1983 and civil conspiracy claims against Commissioners Hall and Soliz in their individual capacities.

It is so ORDERED.

Signed at Houston, Texas on September 15, 2014.

_____
Gray H. Miller
United States District Judge

---

[5] HOPE also filed a motion to dismiss under TEX. R. CIV. P. 91(a) on April 14, 2014. Dkt. 17. Even if the court were inclined to consider the substance of this motion, it would be time barred. Under this rule "a motion to dismiss must be filed within 60 days after the first pleading containing the challenged cause of action is served on the movant." TEX. R. CIV. P. 91(a)(3)(a) (2014). Plaintiff filed his complaint in state court on January 21, 2014 and sufficiency of service is not disputed. Dkt. 1-29. Though plaintiff supplemented his complaint on March 3, 2014 to include responses to defendants' affirmative defenses, it does not contain any additional causes of action against HOPE. HOPE admits that the pleading "does not appear to contain new allegations against defendant HOPE." Dkt. 6, 2 n.1. Because this motion to dismiss was not filed until nearly four months after the challenged cause of action was filed, the motion to dismiss (Dkt. 17) is untimely. The motion is denied.