UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| BYRON THOMAS, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION H-14-0485 |
| | § | |
| HOUSTON ORGANIZATION OF | § | |
| PUBLIC EMPLOYEES, *et al.*, | § | |
| | § | |
| *Defendants*. | § | |

**MEMORANDUM OPINION & ORDER**

The following motions are pending before the court: 1) plaintiff's motion for reconsideration (Dkt. 29) of the court's order from September 15, 2014; 2) plaintiff's motion for default judgment (Dkt. 30) against defendants Richard Hall ("Hall") and Joseph Soliz ("Soliz"); 3) Soliz's motion for judgment (Dkt. 39); 4) Hall's motion for judgment (Dkt. 40); 5) plaintiff's motion to strike (Dkt. 42) Hall's motion for judgment; 6) plaintiff's motion for attorney fees (Dkt. 43) against the Houston Organization of Public Employee Union ("HOPE"); 7) plaintiff's motion to strike (Dkt. 44) Soliz's motion for judgment; 8) City of Houston's ("City") motion for protective order (Dkt. 45); 9) plaintiff's motion challenging the sufficiency (Dkt. 49) of the City's discovery responses; and 10) plaintiff's motion to compel (Dkt. 50) production of all outstanding discovery. The court considered the motions, responses, record and applicable law in coming to its conclusion.

**I. ARGUMENTS & ANALYSIS**

The court reviewed the facts and procedural history of this case in detail in its Memorandum Opinion and Order (Dkt. 27) issued on September 15, 2014, and will not do so again here.[1]

---

[1] *Thomas v. Hous. Org. of Pub. Emps*, No. H-14-0485, 2014 WL 4629235 (S.D. Tex. Sept. 15, 2014).

### A. Motion for Reconsideration

In plaintiff's motion for reconsideration, he asks the court to use its discretion to set aside the doctrine of *res judicata* to his defamation claim against the City in the interests of justice. Dkt. 29 at 2.

A motion to reconsider pursuant to Federal Rule of Civil Procedure 59(e) "is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004) (citing *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1989)). Rather, Rule 59(e) allows parties "to correct manifest errors of law or fact or to present newly discovered evidence." *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989). "Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly." *Templet*, 367 F.3d at 479.

Plaintiff's defamation claim against the city was dismissed on *res judicata* grounds, and the court did not analyze the merits of the claim. This court concluded that "even if plaintiff's factual allegations are true, he is not entitled to relief because this claim is barred by *res judicata*." Dkt. at 6. Plaintiff presents no errors of law or fact, or newly discovered evidence, that persuade this court that reconsideration of its prior ruling on the basis of *res judicata* is warranted. Nor does plaintiff's argument on the merits of the claim, persuade the court that it should set aside the *res judicata* doctrine and consider the merits of the claim. Therefore, plaintiff's motion for reconsideration is denied.

### B. Plaintiff's Motion for Default Judgment

Plaintiff has moved for default judgment against Hall and Soliz in their individual capacities. Dkt. 30. Pursuant to Federal Rule of Civil Procedure 55, entry of default and default judgment are appropriate "when a party against whom a judgment for affirmative relief is sought has failed to

plead or otherwise defend, and that failure is shown by affidavit or otherwise . . . ." FED. R. CIV. P. 55(a). Even if a defendant is technically in default, however, a plaintiff is not entitled to a default judgment as a matter of right. *Lewis v. Lynn*, 236 F.3d 766, 767 (5th Cir. 2001). In order to grant default, the court must assess the merits of plaintiff's claims and find sufficient basis in the pleadings for the judgment. *Nishimatsu Constr. Co., Ltd. v. Hous. Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975). Additionally, under Rule 5.5 of the Southern District of Texas Local Rules, a motion for default judgment must be served upon the defendant via certified mail, return receipt requested. S.D. TEX. L.R. 5.5.

Plaintiff has not shown that Hall or Soliz failed to defend or otherwise participate in the lawsuit. Further, even if plaintiff had established default, he has not established a sufficient basis in the pleadings for the judgment.[2] Finally, even if plaintiff had met all other requirements of a motion for default judgment, neither the motion (Dkt. 30), nor the "notice" of the motion that he filed (Dkt. 32), demonstrate that plaintiff has met Local Rule 5.5 requiring the motion for default judgment to be served by certified mail, with the return receipt requested. Therefore, plaintiff's motion for default judgment against Hall and Soliz is denied.

### *C. Hall and Soliz's Motion for Judgment & Plaintiff's Motion to Strike*

The court next considers Soliz's motion for judgment (Dkt. 39) and Hall's motion for judgment (Dkt. 40). Hall and Soliz argue that the applicable statute of limitations has expired and that they are entitled to absolute immunity. Because the court determines below that the statute of limitations precludes this claim, it need not consider whether immunity applies.

---

[2] In Section I.C, the court concludes that plaintiff's claims against Hall and Soliz are time-barred.

3

Federal Rule of Civil Procedure 12(c) allows a party to move for judgment on the pleadings after the pleadings are closed, as long as it is early enough not to delay trial. FED. R. CIV. P. 12(c). "The standard for deciding a Rule 12(c) motion is the same as a Rule 12(b)(6) motion to dismiss." *Guidry v. Am. Pub. Life Ins. Co.*, 512 F.3d 177, 180 (5th Cir. 2007). Therefore, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Gines v. D.R. Horton, Inc.*, 699 F.3d 812, 816 (5th Cir. 2012) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955 (2007)). "Factual allegations must be enough to raise a right to relief above the speculative level, . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555. "[A] complaint may be subject to dismissal if its allegations affirmatively demonstrate that the plaintiff's claims are barred by the statute of limitations and fail to raise some basis for tolling." *Frame v. City of Arlington*, 657 F.3d 215, 240 (5th Cir. 2011).

In Texas, the statute of limitations for actions brought under 42 U.S.C. § 1983 ("Section 1983") is two years. *Burns v. Harris County Bail Bond Bd.*, 139 F.3d 513, 518 (5th Cir. 1998). The statute of limitations for civil conspiracy is also two years. *Ultraflo Corp. v. Pelican Tank Parts, Inc.*, 926 F. Supp. 2d 935, 950 (S.D. Tex. 2013) (citing TEX. CIV. PRAC. & REM. CODE ANN. § 16.003(a)). Plaintiff's claim accrued at or near the time of the CSC hearing on May 26, 2011, yet plaintiff did not file his Section 1983 or conspiracy claims against Hall and Soliz until more than two years later on January 21, 2014. Further, plaintiff has not raised a basis for tolling. Accordingly, plaintiff cannot succeed on his claims against Hall and Soliz in their individual capacities. Therefore, Soliz and Hall's motions for judgment are granted.

The court now turns to the plaintiff's motions to strike Hall and Soliz's motions for judgment (Dkts. 42, 44) on the basis that the statute of limitations is not applicable. Hall and Soliz's motions

4

for judgment are properly granted under the statute of limitations, and the court therefore denies plaintiff's motions to strike.

### D. Discovery Motions Related to the City of Houston

The court next considers plaintiff's motion to challenge the sufficiency of the City's discovery responses (Dkt. 49) and his motion to compel production of all outstanding discovery (Dkt. 50). Because the claims against the last remaining defendants in the suit were dismissed above, the court denies these discovery-related motions as moot. Further, the court also denies the City's motion for a protective order (Dkt. 45) related to the discovery requests as moot for the same reasons.

### E. Plaintiff's motion for Attorney's Fees

Lastly, the court considers plaintiff's motion for attorney's fees (Dkt. 43). Plaintiff moves for attorney's fees against HOPE under 29 U.S.C. § 1132 and Texas Rule of Civil Procedure 91(a). 29 U.S.C. § 1132 is a section within the Federal Employee Retirement Income Security Program, and is therefore irrelevant to the plaintiff's claims against HOPE under the Labor Management Relations Act ("LMRA").[3] Plaintiff also claims that he is due attorney's fees under Texas Rule of Civil Procedure 91(a) because plaintiff prevailed against HOPE in the motion. However, the court declined to consider the substance of HOPE's 91(a) motion, and it will not award attorney's fees on that basis. *See* Dkt. 27 at 12 n.5.

---

[3] Even if plaintiff intended to seek attorney's fees under the LMRA, his pleadings do not establish that such an award is available to him.

## II. CONCLUSION

For the foregoing reasons, plaintiff's motion for reconsideration is **DENIED** (Dkt. 29); plaintiff's motion for default judgment is **DENIED** (Dkt. 30); Soliz and Hall's motions for judgment are **GRANTED** (Dkts. 39, 40); Plaintiff's motion to strike against Hall and Soliz is **DENIED** (Dkts. 42, 44); plaintiff's motion challenging the sufficiency of the City's discovery is **DENIED** (Dkt. 49); plaintiff's motion to compel production is **DENIED** (Dkt. 50); the City's motion for a protective order is **DENIED** (Dkt. 45); and plaintiff's motion for attorney's fees against HOPE is **DENIED** (Dkt. 43).

It is so **ORDERED.**

Signed at Houston, Texas on January 12, 2015.

_____
Gray H. Miller
United States District Judge